U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

2010 APR -7  AM II: 05

CLERK

BY _____

DEPUTY CLERK

BRENDA BROWN, individually and on )
behalf of all others similarly situated, )
                Plaintiffs )
                             )      Civil Case No. 5:10-CV-81
                             )
           vs. )
                             )
CITY OF BARRE, VERMONT, )
CAROL DAWES, in her official capacity )
as TOWN CLERK AND CREDIT )
SUPERVISOR, )
                Defendants )

**ANSWER**

      NOW COME Defendants City of Barre, Vermont ("City"), and Carol Dawes, by

and through their attorneys, McNeil, Leddy & Sheahan, P.C., and hereby answer

Plaintiffs' Complaint as follows:

<u>Introductory Statement</u>

      1.     Plaintiffs' text here is comprised principally of legal conclusions.  To the

extent necessary, denied.

<u>Parties</u>

      2.     Admitted.

      3.     Insufficient information, therefore denied.

      4.     The text here amounts to a legal conclusion.  To the extent necessary,

denied.

      5.     The text here amounts to a legal conclusion.  To the extent necessary,

denied.

MCNEIL,
LEDDY &
SHEAHAN
BURLINGTON, VERMONT 05401

1

6.      The text here amounts to a legal conclusion.  To the extent necessary, denied.

7.      The text here amounts to a legal conclusion.  To the extent necessary, denied.

8.      The text here amounts to a legal conclusion.  To the extent necessary, denied.

9.      The text here amounts to a legal conclusion.  To the extent necessary, denied.

10.     Admitted that the City provides water services to rate payers (versus "consumers").

11.     Admitted that Ms. Dawes is the elected City Clerk and Treasurer, ultimately responsible for collection of water bills.  Admitted that Ms. Dawes is the appointed Delinquent Tax Collector.  Otherwise denied.

12.     [sic].

Facts

13.     Subject to discovery, admitted.

14.     Subject to discovery, admitted.

15.     Subject to discovery, admitted.

16.     Denied as framed.  Mr. Tevis was the ratepayer.  Admitted as to the date and amount.

17.     Admitted.

18.     Admitted that Plaintiff purported to appeal the City's decision.

19.     Admitted.



20.   The referenced letter speaks for itself.

21.   Denied that anything illegal took place.  Denied as to characterization of Ms. Dawes' comments.  Admitted that on February 3, 2010, water service was terminated.

22.   Insufficient information, therefore denied.

23.   Insufficient information as to "Plaintiff class," therefore denied.

24.   Insufficient information as to "Plaintiff class," therefore denied.

25.   Denied.

Title 24 of the Vermont Statutes Annotated, § 5142, et seq.

26.   The cited statute speaks for itself.

27.   The cited statute speaks for itself.

28.   The cited statute speaks for itself.

29.   The cited statute speaks for itself.

30,   The cited statute speaks for itself.

31.   The text here is a legal conclusion.  The "municipal statutes" speak for themselves.

32.   The text here is a legal conclusion or akin to one.  To the extent necessary, denied.

33.   The text here is a legal conclusion.  To the extent necessary, denied.

34.   The text here is a legal conclusion.  To the extent necessary, denied.

Sections 19-36 of the Barre City Ordinance Concerning Water and Sewer Services

35.   The ordinances speak for themselves, including as to remedies.

36.   Insufficient information as to "Plaintiff class," therefore denied.



McNEIL,
LEDDY &
SHEAHAN
BURLINGTON, VERMONT 05401

3

37.     The text here amounts to a legal conclusion.  To the extent necessary, denied.

Title 18 of the Vermont Statutes Annotated § 122

38.     The cited statute speaks for itself.

39.     The cited statute speaks for itself.  Plaintiff's text here amounts to a legal conclusion.  To the extent necessary, denied.

40.     The cited regulation speaks for itself.

41.     The cited statute speaks for itself.  Plaintiff's text here amounts to a legal conclusion.  To the extent necessary, denied.

42.     Denied.

42 U.S.C. § 1983 and the Fourteenth Amendment of the U.S. Constitution

43.     Insufficient information as to "Plaintiff class," therefore denied as to "Plaintiff class."  Denied that Brenda Brown was deprived of life, liberty or property without due process.

44.     The cited statute speaks for itself.

45.     Admitted.

46.     Admitted.

47.     Denied.

48.     Denied.

WHEREFORE, Defendants respectfully request that all of Plaintiff's claims for relief be denied and that judgment be entered in Defendants' favor, with costs.

### BARS TO SUIT/AFFIRMATIVE DEFENSES

1.     Failure to state a claim upon which relief can be granted.



McNEIL,
LEDDY &
SHEAHAN
BURLINGTON, VERMONT 05401

2.    Intervening causation.  Plaintiffs' remedies, if any, must result from her/their relationship with her/their lessor(s).

3.    Failure to mitigate by properly pursuing lessor(s).

4.    Mootness.

5.    Failure of consideration.

6.    Failure to join a party under Rule 19.

7.    Lack of standing.

8.    Immunities:  governmental, Qualified and Discretionary Function.

Dated at Burlington, Vermont, this 7th day of April, 2010.

CITY OF BARRE, VERMONT and
CAROL DAWES

By:    _____
Joseph A. Farnham, Esq.
McNeil, Leddy & Sheahan, P.C.
271 South Union Street
Burlington, VT  05401

c:    Christopher J. Curtis, Esq.
Oliver Twombly, Esq.

400000-00437