U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

2012 DEC -5  PM 1: 05

CLERK

BY _____
DEPUTY CLERK

BRENDA BROWN and EARL BROOKS, )
individually and on behalf of themselves )
and all others similarly situated )
                       )
       Plaintiffs, )
                        )
       v.                      )     Case No.  5:10-CV-81
                        )     CLASS ACTION
CITY OF BARRE, VERMONT, )
                        )
       Defendant. )

## JOINT MOTION IN SUPPORT OF SETTLEMENT AND
## MEMORANDUM IN SUPPORT

NOW COME the parties by and through their respective counsel, and hereby request the Court approve the attached proposed "Settlement Agreement In a Class Action" (the "Agreement"). This Agreement disposes of the matter before the Court with finality. It sets out terms and conditions agreeable to the parties that resolve damages claims made by the two named Plaintiffs. It also resolves the issue of Plaintiffs' reasonable attorney fees and costs of litigation. Finally, the parties respectfully request the Court to formally order that the relief requested by the Plaintiff class is "moot" as a result of the Defendant City's actions to conform with the Court's Opinion and Order of July 12, 2012.

Claims of a certified class "may be settled, voluntarily dismissed, or compromised only with the court's approval." *Fed. R.Civ.P.* 23(e). The Agreement stipulates that as a result of actions taken by the Defendant City of Barre to change its ordinances to conform to the statutory requirements of procedural due process, as ruled upon by this

1

Court, the relief requested by the class is now moot. As a result, the claims of the class are now resolved and the requirements for class settlement and notice to the class set out in Fed. R. Civ. P. 23(e) are therefore inapplicable. Because any relief sought by the Plaintiff class is moot it is appropriate that the case be dismissed so long as the Agreement is "fair and reasonable." The parties aver that those conditions are met and ask the Court to approve the Agreement and dismiss this action.

### *Background*

Plaintiffs Brenda Brown and Earl Brooks brought this case pursuant to 42 U.S.C. § 1983 on behalf of themselves and all others similarly situated. Plaintiffs alleged the Defendant City of Barre had an unlawful practice of disconnecting water service to tenants whose landlords have defaulted on their water bills without recourse. Plaintiffs alleged violations of procedural and substantive due process and violation of equal protection under the Constitution of the United States of America and requested injunctive and declaratory relief. Specifically, Plaintiffs alleged that the Defendant City of Barre's ordinances were unconstitutional for failure to provide adequate notice and a hearing prior to municipal water shut-off, or a right to establish their own water accounts. Plaintiffs further alleged the Uniform Water and Sewer Disconnect, 24 V.S.A. § 5141, *et seq.*, was unconstitutional for failure to provide adequate procedural due process protections or a right to establish their own water accounts.

The named Plaintiffs consist of two individuals affected by the Defendant's water shut-off policy and procedures. Plaintiffs sought injunctive and declaratory relief prohibiting the City from future actual or threatened water shut-offs without adequate

notice or an opportunity for Plaintiffs to establish their own water accounts, and a declaration that the City of Barre's ordinances and state statute are unconstitutional.

Plaintiffs' motion for class certification pursuant to Fed. R. Civ. P. 23(b)(2) was granted by the Court on December 13, 2010. The class, as certified by the Court for injunctive and declaratory relief only, is defined as: "all tenants in the City of Barre, Vermont, from February 17, 2007 to the present whose leases include City water paid for by the landlord/ratepayer and who have had or are at risk of having their water service disconnected by the City because their landlord/ratepayer's water bill is in default." *Reiss, J., Opinion and Order Granting Motion for Class Action Certification and Granting Motion to Intervene*, at 13 (Dec. 13, 2010).

Defendants filed a motion for summary judgment and Plaintiffs subsequently filed a cross-motion for summary judgment with the Court. The Court issued its Opinion and Order granting in part and denying in part Defendant's Motion for Summary Judgment and Plaintiffs' Cross-Motion for Summary Judgment on July 12, 2012. Plaintiffs prevailed on their claim of violations of procedural due process against Defendant with respect to the City's ordinances. All other claims were dismissed.

### Argument

The Court must approve any settlement reached by the parties to dismiss this action. The parties must show this settlement is fair and reasonable. Because this settlement resolves a class action, despite its mootness with respect to the relief sought by the class, the parties submit the Agreement to the Court for its review in the context of the standards establishing "fairness" and "reasonableness" set out in other class action

settlements. Courts in the Second Circuit have described the test for what is "fair and reasonable":

> "A compromise will be approved as fair reasonable and adequate if it serves that interest. The proponents of a compromise have the burden of proving its fairness. The Court is the guardian of the absent class members. It must therefore exercise judgment based on careful judiciary scrutiny in passing on the fairness of the settlement. It has often been said that the bird in the hand is to be preferred to the flock in the bush and a poor settlement to a good ligitation. The Court will not substitute its business judgment for that of the parties; the only question * * * is whether the settlement, taken as a whole, is so unfair on its face as to preclude judicial approval." *Zerkle* v. *Cleveland-Clift Iron Co.*, 52 F.R.D. 151, 159 (S.D.N.Y. 1971).

A presumption in favor of settlement exists if the parties show "(1) that it is not collusive but was arrived at after arm's length negotiations; (2) that the proponents are counsel experienced in similar cases; (3) that there has been sufficient discovery to enable counsel to act intelligently; and (4) that the number of objectants or their relative interest is small." *Burger* v. *CPL International*, 76 F.R.D. 183, 186 (S.D.N.Y. 1977). At hearing, on September 6, 2012, the parties agreed, and this Court ordered, ninety days for negotiation, with the possibility of mediation, to determine if the parties could reach a settlement agreement. During that period the parties negotiated extensively through counsel to arrive at a mutually agreeable settlement taking into account the interests of the parties and compromising on some issues in the advancement of the ultimate goals of each. Because the negotiation was not collusive, but adversarial, in the best sense of the word, and that the negotiations were undertaken at the request of the parties and with the consent of the Court the parties satisfy the first prong of the test.

On the facts of the case, counsel for the parties are sufficiently experienced and able as to the litigation. In fact, this Court has already considered the ability of Plaintiffs' counsel to bring this litigation and represent the class. *Reiss, J., Order Granting*

4

*Plaintiffs' Motion for Appointment of Class Counsel* (May 10, 2011). Accordingly, the parties meet the second prong of the test to demonstrate a presumption in favor of settlement.

The parties have engaged in extensive discovery including data collection, written interrogatories and responses, and depositions from both Plaintiffs and Defendant. Because discovery has been extensive and detailed counsel for the parties are therefore well-positioned to "act intelligently" in the context of settlement negotiations.

Finally, the number of objectants or relevant interests is small. In the first instance, and as pointed out above, the injunctive and declaratory relief sought by class members is now moot. Furthermore, in the approximately two years of litigation following commencement of this action, no other named parties have come forward claiming damages or any other form of relief in this matter. For the three year period established for class purposes, the number of rental unit shut-offs was twenty-six (26), one of which was with regard to Plaintiff/Class Representative Brown.[1] It is unknown how many other units were occupied and by how many individuals. Even if all the units shut-off were occupied, the universe of potential class objectants whose water was actually shut-off is small. While the universe of occupants and potential class objectants whose water was threatened to be shut-off, but was not actually shut-off is certainly much larger the relative interest of those parties is significantly smaller because their water was not ultimately shut-off. Because the number of potential objectants or their relative interests is small (and rendered moot by the Defendant City's actions) the fourth prong of the "fair" and "reasonable" test is met.

---

[1] No. 5:10-cv-81, Hearing of September 9, 2010, Transcript at p. 58.

In any settlement, voluntary dismissal, or compromise binding class members notice must be directed to them in a "reasonable manner." *Fed. R.Civ. P.* 23(e)(1). However, in this case, notice is not required because the Defendant City of Barre's actions subsequent to this Court's order granting Plaintiffs' motion for summary judgment (in part) has rendered the declaratory and injunctive relief sought by the Plaintiff class moot. In sum, the Defendant City of Barre has complied with the Court's rulings by revising its ordinances to conform with the statutory notice requirements of the Uniform Water and Sewer Disconnect, 24 V.S.A. § 5141, *et seq*. Accordingly, this proposed settlement agreement does not bind the class members because the relief requested by the class is moot, and the Court in its discretion may so order.

The parties have met the requirements to show a presumption in favor of the "fair and reasonable" proposed settlement.

WHEREFORE the parties respectfully request this Honorable Court approve and order the settlement and dismissal of this matter on the terms and conditions contained in the Agreement.

Dated in Montpelier, Vermont, this _____ day of December, 2012.

Christopher Curtis, Esq.
Vermont Legal Aid, Inc.
Attorney for Plaintiffs

Joseph Farnham , Esq.
McNeil, Leddy & Sheahan, P.C.
Attorneys For Defendant City of Barre